UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| CAROLYN B. CANADY<br>    Plaintiff | * | CIVIL ACTION NUMBER : |
| VERSUS | * | JUDGE : |
| CADDO PARISH SHERIFF,<br>STEVE PRATOR, JESSICA BENEVAGE,<br>DARIN B. MARSHALL and<br>JUSTIN MCDONNELL<br>    Defendants | *<br><br>* | MAGISTRATE JUDGE:<br><br>JURY TRIAL |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### JURISDICTION

1. This action is brought pursuant to 42 U.S.C. Section 1983, and the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. Sections 1331 and 1343(1)(2)(3)(4) and the aforementioned statutory and Constitutional provisions. The plaintiff invokes this court's supplemental jurisdiction to hear state law claims pursuant to 28 USC 1367.

### PARTIES

2. Plaintiff, CAROLYN CANADY, is a citizen of the United States and a resident of and domiciled in Keatchie, Caddo Parish, Louisiana.

3. Made defendants herein are (A) Deputy Jessica Benevage; (B) Deputy Justin McDonnell and (C) Deputy Sgt. Darin B. Marshall (commission # 764). They are

-1-

individuals domiciled in Caddo Parish, Louisiana. They were at all relevant times herein deputy officers for the Caddo Parish Sheriff, and at all times herein mentioned, each was acting in such capacity as the agent, servant and employee under the color of state law of the defendant CADDO PARISH SHERIFF.  They are sued in their individual and official capacities.

4. Made defendant herein is STEVE PRATOR, CADDO PARISH SHERIFF which is a political subdivision of the State of Louisiana.  He is sued in his official capacity.

**FACTS**

5. Your Petitioner, Carolyn Canady, was at all times the aunt of Ronnie Goodman and mother of Jeri Bruner.  Petitioner has an ownership interest in immovable property located on Shady Oak Lane, Keithville, La. where both Goodman and Bruner lived.  Petitioner's sister, Donna Goodman Gaspard, who is also the mother of Goodman also lived on Shady Oak Lane, Keithville, La.  Your petitioner has management authority over the property where Goodman lived.

6. During the evening of Saturday May 5, 2012, your Petitioner went to Shady Oak Lane Keithville, La.  to post an eviction notice on the trailer in which Ronnie Goodman resided.  Petitioner Ronnie Goodman had been creating a nuisance for the other family members and neighbors including Jeri Bruner and petitioner's sister who lived next to Goodman. Deputies were called to the scene.  The deputies left without an arrest once Goodman calmed down.  Deputies criticized your petitioner for the

procedure she used to post the eviction notice.

7.      Ronnie Goodman has a reputation in the neighborhood of being quarrelsome and threatening . He has a reputation for being delusional or paranoid.  He has been erratic, claiming others had stolen from him and he has been hallucinating and likely taking drugs.

8.      On or about Sunday May 6, 2012, your Petitioner returned to 13475 Shady Oak, Keithville, La.  because it had been reported to her that Ronnie Goodman had taken a breaker out of an electric box for Jeri Bruner's trailer. He was also threatening to do damage to Bruner's trailer and harm others.  After Petitioner arrived, Ronnie Goodman began to be belligerent with Petitioner. She tried to calm him down.

9.      A neighbor, Brittany Rotharmel who resides at 13449 Shady Oak Lane, Keithville, La, called 9-11 because of Goodman's behavior.  Rotharmel had originally contacted Ms. Bruner about Goodman's behavior.  Bruner requested Rotharmel to call 9-11 due to the threat posed by Goodman to her mother, your petitioner.

10.     When the Caddo Parish Sheriff deputies arrived at the scene, Goodman was engaged in yelling and screaming at your Petitioner.  He also verbally threatened her. He then began cursing at the deputies and others present.

11.     The deputies talked to those at the scene including Rotharmel and your petitioner. The deputies attempted to calm down Mr. Goodman but he would not cooperate.

12.   The same deputies expressed frustration of having to respond to the address several times to the same address due to Goodman's behavior.  The deputies complained that the mother of Mr. Goodman, Donna Gaspard,  would convince the deputies to not arrest him.  On May 6, 2012, the deputies stated someone had to be arrested and that if they arrested Mr. Goodman, they would have to arrest your Petitioner.

13.   Your petitioner asked deputy Benevage what would plaintiff be arrested for since she had not violated any law.  Deputy Jessica Benevage replied that she would think of something.

14.   Deputy Benevage arrested your Petitioner for disturbing the peace. However, there was no probable cause to arrest your Petitioner.  She committed no act that constituted disturbing the peace.

15.   Deputy Benevage handcuffed your Petitioner and transported her.  Petitioner complained to both Benevage and McDonnell  that the handcuffs were too tight. Benevage and McDonnell refused to loosen the handcuffs. The tightness of the handcuffs caused your petitioner to suffer tendinitis  neuropathy or "handcuff palsy".

16.   Your petitioner was booked into the Caddo Parish detention center.  She later made bail.  She is currently being prosecuted for the charge of disturbing the peace. Charges against Ronnie Goodman have already been dismissed.

17.   Ronnie Goodman was arrested by Deputy J. McDonnell.  All charges against

Goodman were dismissed even though he was the instigator and person who placed his neighbors in fear for their safety. Goodman severely damaged the trailer in which He was living.

**FIRST CAUSE OF ACTION: FALSE ARREST**

18. Plaintiff CAROLYN B. CANADY reiterates and realleges paragraphs 1 -17 as though fully set forth herein. Deputies Benevage, McDonnell, and Marshall are made defendants herein. McDonnell failed to obtain probable cause to arrest although he made a report of having probable cause to Benevage. McDonnell and Sgt. Marshall failed to intervene to prevent petitioner's unlawful arrest. Sgt. Marshall was present at the scene and supervised both McDonnell and Benevage.

19. CAROLYN B. CANADY contends that defendants violated her right to be free from false arrest in violation of the First and Fourth Amendments of the U.S. Constitution. Defendants arrested plaintiff without probable cause. Substantial reasons for Plaintiff's arrest were her questioning the deputies as to whether she had committed any crime and the procedure she used to evict Goodman. The deputies thus retaliated against Plaintiff for her exercise of her right to freedom of speech and access to courts.

**SECOND CAUSE OF ACTION: EXCESSIVE USE OF FORCE**

20. Plaintiff reiterates and realleges paragraphs 1 - 19 as though fully set forth herein. Deputies Benevage and McDonnell acted in concert to violate Canady's right to be free

from excessive use of force.

21. The defendants violated CAROLYN B. CANADY's right to be free of excessive use of force in violation of the Fourth Amendment of the U.S. Constitution by handcuffing her too tightly despite her protests. Canady complained to the deputies several times that the handcuffs were too tight. Neither Benevage, McDonnell nor Marshall took any action to alleviate the pressure caused by the handcuffs being too tight.

**THIRD CAUSE OF ACTION:**
**STATE LAW CLAIMS: UNLAWFUL ARREST and EXCESSIVE FORCE**

22. Plaintiff reiterates and realleges all of the foregoing paragraphs as though fully set forth herein.

23. Plaintiff alleges violations of Louisiana Civil Code Article 2315. Deputies Jessica Benevage, John McDonnell and Darin Marshall acted in the course and scope of her employment with the CADDO PARISH SHERIFF, violated plaintiff's rights under Article One of the 1974 Louisiana Constitution. Also, the defendants are liable under LSA-C.C. art. 2315. The defendants are liable in solido unto plaintiff. Plaintiff brings suit for false arrest and excessive use of force.

24. Deputies Benevage, McDonnell and Marshall committed acts of fault and negligence by causing the arrest of petitioner, failing to intervene, failing to accurately appraise the situation, failing to properly advise petitioner of arrest, injuring petitioner,

using unsafe arrest procedures, arresting Canady in retaliation for her exercise of Free Speech and her First Amendment Rights, not providing medical attention and other acts of fault as will be shown at trial.

25. Deputies Benevage's use of force by improper handcuffing constituted fault because there was little or no chance of escape by Canady, the officers had overwhelming force and power to effect arrest, petitioner was not resisting, the risks and dangers presented by the officers was minimal, the alleged acts of petitioner of being a nuisance—if any--- was minor, forceful handcuffing was unnecessary and unwarranted, and there was no emergency. Officers acted in retaliation to Canady asking what the problem was and to noticing Goodman of his eviction.

26. Plaintiff alleges violations of Louisiana Civil Code Article 2315 for negligence and intentional acts. Deputies Benevage, Marshall and McDonnell acted in the course and scope of their employment with the CADDO PARISH SHERIFF, committed fault and that fault should be evaluated under La. C.C. art. 2323 and 2324. Officers failed to consider Plaintiff's position and condition when they forcibly handcuffed her and for other reasons cited herein. Officers acted in retaliation for Canady asking questions. The defendants are liable in solido unto plaintiff. Plaintiff brings suit for false arrest and excessive use of force under Louisiana state law.

27. Deputies Benevage, Marshall and McDonnell are not entitled to qualified immunity under either state law for claims of fault or negligence or intentional acts

28.     Deputies Benevage, Marshall and McDonnell are not entitled to qualified immunity under federal law.

## MISCELLANEOUS PROVISIONS

29.  Due to the malicious and deliberately indifferent actions of Deputies Benevage, Marshall and McDonnell plaintiff is entitled to an award of punitive damages against them only.  Plaintiff does not seek punitive damages against the CADDO PARISH SHERIFF.

30.    Plaintiff demands a trial by jury.

31.    Plaintiff suffered mental distress,  loss of liberty, invasion of privacy, pain and suffering, loss of earning capacity, loss of enjoyment of life, lost wages, past and future, embarrassment and humiliation as a result of the actions of the defendants.

32.    Plaintiff suffered consequential damages including but not limited to medical expenses and fines and lost wages.

33.    Plaintiffs are entitled to an award of attorney fees and costs under 42 USC 1983 and 1988.

    WHEREFORE, PLAINTIFF, CAROLYN B. CANADY prays that:

    1.     She be granted a trial by jury.

    2.     There be judgment herein and against Defendants Deputies Benevage

McDonnell, Marshall and CADDO PARISH SHERIFF in solido in a reasonable amount to be set by the Court, plus judicial interest, compensatory damages, consequential damages, and all costs of court, including attorney fees.

3. There be judgement herein against Deputies Benevage, McDonnell, and Marshall for punitive damages.

4. Such other and further relief as may be just.

Respectfully Submitted,

  /s/ Nelson Cameron
NELSON W. CAMERON
Attorney at Law
675 Jordan Street
Shreveport, Louisiana 71101
(318) 226-0111
Bar No. 01283

**Attorney for Petitioner**